UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL A. SLATER

                      Petitioner,

           -against-

S. ECKERT, Superintendent, Wende Correctional Facility,

                      Respondent.

1:20-CV-3462 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

      Petitioner, currently incarcerated in the Wende Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his 1989 conviction in the County Court, Sullivan County.[1] The Court transfers this action to the United States Court of Appeals for the Second Circuit for the reason set forth below.

      Petitioner seeks to challenge the legality of his 1989 Sullivan County conviction. The Court's records show that he previously filed a § 2254 *habeas corpus* petition challenging the same conviction and that that petition was denied on the merits. *See Slater v. Senkowski*, ECF 7:95-CV-1273, 10, 11, 12. Because Petitioner's previous petition was denied on the merits, the present petition is a second or successive § 2254 petition. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).

      Before a second or successive § 2254 *habeas corpus* petition can be filed in a federal district court, authorization from the appropriate court of appeals is required. 28 U.S.C.

---

[1] Petitioner has paid the filing fee to bring this petition.

§ 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue the present petition.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. In the interest of justice, the Court transfers this action to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). This order closes this action. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this action under this civil docket number.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 10, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B)(i)-(ii).